### JOHN K. BOOTH *vs.* THE COMMONWEALTH.

An affirmance of a judgment, on a writ of error to which *in nullo est erratum* is pleaded, is a bar to a second writ of error to reverse the same judgment for any error apparent on the record when it was brought before the court on the first writ.

WRIT of error to reverse a judgment of the court of common pleas in the county of Bristol, rendered at the June term 1841. The plaintiff in error was found guilty, at that term, on an indictment which charged him with adultery, and was sentenced to one day's solitary imprisonment, and confinement afterwards at hard labor, for the term of three years, in the state prison. The first count in the indictment alleged that said Booth, " on the first day of October 1840, at, &c., did commit the crime of adultery with one Polly Tripp, spinster, by then and there having carnal knowledge of the body of said Polly Tripp, he the said John being then and there a married man, and having a lawful wife alive ; against the peace," &c. The second and third counts were like the first, except as to the times and places of the acts of adultery therein alleged. The fourth count alleged that said Booth, on a day subsequent to the last day mentioned in the former counts, " did commit the crime of adultery with one Mercy Westcott, spinster, by then and there," &c., (using the same words as in the other counts.) The error assigned was, that it did not appear but that said Polly Tripp, on the days mentioned in the three first counts, was the wife of said Booth ; nor but that said Mercy Westcott was his wife, on the day mentioned in the fourth count.

*G. Bemis,* for the plaintiff in error, cited *Moore* v. *Commonwealth,* 6 Met. 243, as decisive of the present case.

*Wilkinson,* (District Attorney,) for the Commonwealth, stated that the plaintiff in error had already brought the record of this judgment before the court by a writ of error; that the attorney general had thereto pleaded that there was no error in the record; and that the court had affirmed the judgment. *Booth* v. *Commonwealth,* 5 Met. 535. He therefore insisted that this second writ would not lie.

*Bemis* admitted the facts to be as stated by the district attorney, and cited *Hopkins* v. *Commonwealth,* 3 Met. 460, and *Wilde* v. *Commonwealth,* 2 Met. 408, to show that the former affirmance of the judgment was not a bar to this second writ of error.

SHAW, C. J. In this case the court are of opinion, that the writ of error must be quashed. It appears that a former writ of error was brought on this same judgment, and upon the plea of *in nullo est erratum* the judgment was affirmed. On such a plea, any error apparent on the record may be assigned, and the entire validity and legal correctness of the judgment are open, and of course were decided. Upon the principle of *res judicata,* the plaintiff in error is now estopped from denying that the supposed error, now insisted on, was not considered and adjudged against him by the affirmance of the judgment.

Authorities have been cited to show that a second writ of error has been maintained, where the former decision did not embrace the whole merits of the case. *Hopkins* v. *Commonwealth,* 3 Met. 460. *Wilde* v. *Commonwealth,* 2 Met. 408. No doubt, where the error arises from matter subsequent to the former decision, and which did not then exist, a new writ of error may be brought, and such new matter be assigned for error. Such was the case of *Hopkins* v. *Commonwealth.* A judgment had been rendered on an information for additional punishment, which judgment was founded upon three or more former convictions. The errors assigned, in the first writ of error, to the judgment on information were, in several instances, supposed defects in those former judgments. But it was decided that whilst such former judgments were in force, the court could not take notice of such defects. Then writs of error were brought to reverse those for

mer judgments, and one or more of them was reversed.   When these supports of the judgment on the information were thus re moved, the latter became erroneous by such matter subsequent. This matter of error was not in issue on the first writ, and could not have been considered and determined in the judgment of affirmance.   The plea *in nullo est erratum* is in the nature of a demurrer, and puts in issue the validity of the judgment in all matters of law.   New errors may be assigned *viva voce* at the hearing, taking care that the adverse party is not surprised ; and that has been frequently done ; and if the judgment be erroneous, in the particulars thus indicated, though not in the particulars assigned for error, the judgment will be reversed.   Therefore the decision on such issue, that the judgment be affirmed, is an adjudication that there is no error in law, apparent on the face of the record, and is a bar to another writ of error founded on any such supposed error then existing.

*Writ of error quashed*